**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

GUCCI AMERICA, INC.,

      Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Gucci America, Inc. ("Gucci" or "Plaintiff") hereby sues Defendants the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Gucci's trademarks within this district through various fully interactive commercial Internet websites and supporting domain names operating under their individual, partnership, and/or business association names identified on Schedule "A" hereto (the "Subject Domain Names"). In support of its claims, Gucci alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C § 1651(a).  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Gucci's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.      Defendants are subject to personal jurisdiction in this district because they operate commercial websites accessible in this district and direct business activities toward consumers throughout the United States, including within the State of Florida and this district, through at least the fully interactive commercial Internet websites and supporting domain names operating under the Subject Domain Names.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants are, upon information and belief, aliens who engage in infringing activities and cause harm within this district by advertising, offering to sell and/or selling infringing products into this district.

## THE PLAINTIFF

4.      Gucci is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 195 Broadway, 14th Floor, New York, New York 10007. Gucci operates boutiques throughout the world, including within this district. Gucci is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, as discussed in Paragraph 17 below, and identified in Schedule "B" hereto. Gucci offers for sale and sells its trademarked goods within this district. Defendants' offers to sell and sales of counterfeit and infringing Gucci branded products are causing damage to Gucci within this district. Gucci regularly enforces its intellectual property rights and authorized this action be brought in its name.

5.      Like many other famous trademark owners in the luxury goods market, Gucci suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Gucci's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.

6.      In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Gucci expends significant monetary resources in connection with trademark enforcement efforts.  The recent explosion of counterfeiting over the Internet has created an environment that requires companies, such as Gucci, to file a large number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill associated with the Gucci brand.

## THE DEFENDANTS

7.      Defendants operate through domain names registered with registrars in multiple countries and are comprised of individuals, partnerships and/or business entities of unknown makeup, whom, upon information and belief, reside and/or operate in foreign jurisdictions, including the People's Republic of China. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district, through the simultaneous operation of fully interactive commercial Internet websites and supporting domains existing under the Subject Domain Names.

8.      Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by the same Defendant Number on Schedule "A" hereto.

9.      Upon information and belief, Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein, often times as partners, co-conspirators and/or suppliers.

10.     Defendants are part of an ongoing scheme to create and maintain an illegal marketplace enterprise on the World Wide Web, which (i) confuses consumers regarding the source of Defendants' goods for profit, and (ii) expands the marketplace for illegal, counterfeit Gucci branded goods while shrinking the legitimate marketplace for genuine Gucci branded goods. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Gucci's famous name and associated trademarks, as well as the destruction of the legitimate market sector in which Gucci operates.

11.     Defendants are the past and present controlling forces behind the operation of, at least, the Subject Domain Names.

12.     Upon information and belief, Defendants directly engage in unfair competition with Gucci by (i) offering for sale and selling goods bearing counterfeits and infringements of one or more of Gucci's trademarks to consumers within the United States and this district through multiple fully interactive commercial Internet websites and supporting domain names operating under the Subject Domain Names and additional domains and websites not yet known to Gucci and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Gucci's legitimate marketplace for its genuine goods. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of

4

Florida through the advertisement, offer to sell, sale, and shipment of counterfeit branded goods into the State, and by operating an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

13.     Upon information and belief, Defendants have registered, established or purchased, and maintained their respective Subject Domain Names, and the websites operating thereunder. Upon information and belief, many Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and/or misleading information to their various registrars during the registration or maintenance process. Upon information and belief, many Defendants have registered and maintained their Subject Domain Names for the sole purpose of engaging in illegal counterfeiting activities.

14.     Upon information and belief, Defendants will continue to register or acquire new domain names for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of Gucci's trademarks unless preliminarily and permanently enjoined. Moreover, upon information and belief, Defendants will continue to maintain and grow their illegal marketplace enterprise at Gucci's expense unless preliminarily and permanently enjoined.

15.     Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Gucci and others.

16.     Defendants' business names, i.e., the Subject Domain Names, and any other domain names used in connection with the sale of counterfeit and infringing goods bearing Gucci's trademarks are essential components of Defendants' counterfeiting and infringing activities and are the means by which Defendants further their counterfeiting and infringing

scheme and cause harm to Gucci. Moreover, Defendants are using Gucci's famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names and decreasing the size and value of Gucci's legitimate consumer marketplace at Gucci's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Trademark Rights

17.     Gucci is the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, "Gucci Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office.  The Gucci Marks are used in conjunction with the manufacture and distribution of high quality goods in the categories identified in Schedule "B."  True and correct copies of the Certificates of Registration for the Gucci Marks are attached hereto as Composite Exhibit "1."

18.     The Gucci Marks have been used in interstate commerce to identify and distinguish Gucci's high quality goods for an extended period of time.

19.     The Gucci Marks have never been assigned or licensed to any of the Defendants in this matter.

20.     The Gucci Marks are symbols of Gucci's quality, reputation and goodwill and have never been abandoned.

21.     Further, Gucci has expended substantial time, money and other resources developing, advertising and otherwise promoting the Gucci Marks. The Gucci Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

22.     Gucci has extensively used, advertised, and promoted the Gucci Marks in the United States in association with the sale of high quality luxury goods and has carefully monitored and policed the use of the Gucci Marks.

23.     As a result of Gucci's efforts, members of the consuming public readily identify merchandise bearing or sold under the Gucci Marks as being high quality goods sponsored and approved by Gucci.

24.     Accordingly, the Gucci Marks have achieved secondary meaning as identifiers of high quality luxury goods.

25.     Genuine goods bearing the Gucci Marks are widely legitimately advertised and promoted by Gucci and its authorized distributors.  Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Gucci's overall marketing and consumer education efforts. Thus, Gucci expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies.  Those strategies allow Gucci and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Gucci brand and the goods sold thereunder.

**Defendants' Infringing Activities**

26.     Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Gucci's ownership of the Gucci Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

27.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce using and bearing counterfeit and confusingly similar imitations of the Gucci Marks (collectively, the "Counterfeit

Goods") through the fully interactive commercial Internet websites and supporting domain names operating under the Subject Domain Names.  True and correct copies of the web pages reflecting samples of the Internet websites operating under the Subject Domain Names displaying the Gucci branded items offered for sale are attached hereto as Composite Exhibit "2." Specifically, upon information and belief, Defendants are using identical copies of the Gucci Marks for different quality goods. Gucci has used the Gucci Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Gucci's merchandise.

28.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Gucci's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality products offered for sale by Gucci despite Defendants' knowledge that they are without authority to use the Gucci Marks.  The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Gucci.

29.     Defendants advertise their Counterfeit Goods for sale to the consuming public via websites operating under at least the Subject Domain Names. In so advertising these products, Defendants improperly and unlawfully use the Gucci Marks without Gucci's permission. Indeed, Defendants herein misappropriated Gucci's advertising ideas and methods of doing business with regard to the advertisement and sale of Gucci's genuine goods. Upon information and

belief, the misappropriation of Gucci's advertising ideas in the form of the Gucci Marks is the proximate cause of harm to Gucci.

30.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all concurrently employing substantially similar and often times coordinated, paid advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Gucci Marks. Specifically, Defendants are using counterfeits of Gucci's famous name and the Gucci Marks in order to make their websites selling illegal goods appear more relevant and attractive to search engines across an array of search terms. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Gucci's genuine goods. Defendants are causing concurrent and indivisible harm to Gucci and the consuming public by (i) depriving Gucci of its right to fairly compete for space within search engine results and reducing the visibility of Gucci's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Gucci Marks, (iii) increasing Gucci's overall cost to market its goods and educate consumers about its brand via the Internet, and (iv) maintaining an illegal marketplace enterprise, which perpetuates the ability of Defendants and future entrants to that marketplace to confuse consumers and harm Gucci with impunity.

31.     Upon information and belief, Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Gucci and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Gucci does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

32.     Defendants' use of the Gucci Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Gucci's consent or authorization.

33.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Gucci's rights for the purpose of trading on Gucci's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Gucci and the consuming public will continue to be harmed.

34.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Gucci's genuine goods and Defendants' Counterfeit Goods, which there is not.

35.     Moreover, multiple Defendants have registered their respective Subject Domain Name(s), using marks that are nearly identical and/or confusingly similar to at least one of the Gucci Marks (collectively the "Cybersquatted Subject Domain Names").

36.     Defendants do not have, nor have they ever had, the right or authority to use the Gucci Marks.  Further, the Gucci Marks have never been assigned or licensed to be used on any of the websites operating under the Cybersquatted Subject Domain Names.

37.     Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Cybersquatted Subject Domain

Names, or have intentionally failed to maintain accurate contact information with respect to the registration of the Cybersquatted Subject Domain Names.

38.     Upon information and belief, Defendants have never used any of the Cybersquatted Subject Domain Names in connection with a bona fide offering of goods or services.

39.     Upon information and belief, Defendants have not made any bona fide non-commercial or fair use of the Gucci Marks on a website accessible under any of the Cybersquatted Subject Domain Names.

40.     Upon information and belief, Defendants have intentionally incorporated the Gucci Marks in their Cybersquatted Subject Domain Names to divert consumers looking for Gucci's Internet website to their own Internet websites for commercial gain.

41.     Given the visibility of Defendants' various websites and the similarity of their actions, including their SEO activities, it is clear Defendants are either related, or at a minimum, cannot help but know of each other's existence and the damage likely to be caused to Gucci as a result of Defendants' concurrent actions.

42.     Although some Defendants may be acting independently, they may properly be deemed to be acting in concert because they are combining the force of their actions to multiply the harm caused to Gucci.

43.     Gucci has no adequate remedy at law.

44.     Gucci is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Gucci Marks. If Defendants' counterfeiting and infringing, cybersquatting, and unfairly competitive activities,

and their illegal marketplace enterprise, are not preliminarily and permanently enjoined by this Court, Gucci and the consuming public will continue to be harmed.

45.    The injury and damages sustained by Gucci has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods and by the creation, maintenance, and very existence of Defendants' illegal marketplace enterprise.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

46.    Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

47.    This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits, copies, and/or colorable imitations of the Gucci Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

48.    Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing products bearing one or more of the Gucci Marks. Defendants are continuously infringing and inducing others to infringe the Gucci Marks by using them to advertise, promote, sell, and offer to sell goods bearing the Gucci Marks.

49.    Defendants' indivisible and concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

50.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages and irreparable harm to Gucci and are unjustly enriching Defendants at Gucci's expense.

51.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Gucci Marks in violation of Gucci's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

52.     Gucci has suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

53.     Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

54.     Defendants' Counterfeit Goods bearing and sold under copies of the Gucci Marks have been widely advertised and offered for sale throughout the United States.

55.     Defendants' Counterfeit Goods bearing and sold under copies of the Gucci Marks are virtually identical in appearance to each of Gucci's genuine goods.  However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

56.     Defendants, upon information and belief, have used in connection with their advertisement, offers for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into

commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Gucci's detriment.

57.     Defendants have authorized infringing uses of the Gucci Marks in Defendants' advertisement and promotion of their counterfeit and infringing products. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

58.     Additionally, Defendants are using counterfeits and infringements of the Gucci Marks in order to unfairly compete with Gucci and others for space within search engine organic results, thereby jointly depriving Gucci of a valuable marketing and educational tool which would otherwise be available to Gucci and reducing the visibility of Gucci's genuine goods on the World Wide Web.

59.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60.     Gucci has no adequate remedy at law, and has sustained indivisible injury and damages caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Gucci will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - CLAIM FOR RELIEF FOR CYBERSQUATTING PURSUANT TO § 43(d) OF THE LANHAM ACT (15 U.S.C. § 1125(d))

61.     Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

62.     At all times relevant hereto, Gucci has been and still is the owner of the rights, title and interest in and to the Gucci Marks.

63. Upon information and belief, Defendants have acted with the bad faith intent to profit from the Gucci Marks and the goodwill associated with the Gucci Marks by registering and using the Cybersquatted Subject Domain Names.

64. The Gucci Marks were distinctive and famous at the time Defendants registered the Cybersquatted Subject Domain Names.

65. Defendants have no intellectual property rights in or to the Gucci Marks.

66. The Cybersquatted Subject Domain Names are identical to, confusingly similar to, or dilutive of at least one of the Gucci Marks.

67. Defendants' conduct is done with knowledge and constitutes a willful violation of Gucci's rights in the Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Gucci's rights.

68. Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

69. Gucci has no adequate remedy at law.

70. Gucci has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

71. Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

72. This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Gucci Marks, and (ii) creation and maintenance of an

illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in which Gucci sells its genuine goods, in violation of Florida's common law of unfair competition.

73.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit Gucci branded goods. Defendants are also using counterfeits and infringements of the Gucci Marks to unfairly compete with Gucci and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

74.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Gucci Marks.

75.     Gucci has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

76.     Gucci hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 46 above.

77.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Gucci Marks.  Gucci is the owner of all common law rights in and to the Gucci Marks.

78.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Gucci Marks.

79.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Gucci Marks.

80.     Gucci has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

81.     WHEREFORE, Gucci demands judgment on all Counts of this Complaint and an award of equitable relief, and monetary relief, jointly and severally, against Defendants as follows:

a.      Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Gucci Marks; from using the Gucci Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Gucci; from falsely representing themselves as being connected with Gucci, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Gucci; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Gucci Marks in connection with the publicity,

promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Gucci, or in any way endorsed by Gucci and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Gucci's name or trademarks; and from otherwise unfairly competing with Gucci.

      b.    Entry of temporary, preliminary, and permanent injunctions enjoining Defendants from creating, maintaining, operating, joining, and participating in their World Wide Web based illegal marketplace for the sale and distribution of non-genuine goods bearing counterfeits of the Gucci Marks.

      c.    Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that upon Gucci's request, the top level domain (TLD) Registry for each of the Subject Domain Names or their administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

      d.    Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at Gucci's election, transferring the Subject Domain Names and any other domain names used by Defendants to engage in their counterfeiting of the Gucci Marks at issue to Gucci's control so they may no longer be used for illegal purposes.

      e.    Entry of an Order requiring Defendants to account to and pay Gucci for all profits and damages resulting from Defendants' trademark counterfeiting and infringing

activities and that the award to Gucci be trebled, as provided for under 15 U.S.C. § 1117, or, at Gucci's election with respect to Count I, that Gucci be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

        f.      Entry of an Order requiring the relevant Defendants to account to and pay Gucci for all profits and damages resulting from those Defendants' cybersquatting activities and that the award to Gucci be trebled, as provided for under 15 U.S.C. § 1117, or, at Gucci's election with respect to Count III, that Gucci be awarded statutory damages from the relevant Defendants in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name used as provided by 15 U.S.C. § 1117(d) of the Lanham Act.

        g.      Entry of an award of Gucci's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

        h.      Entry of an award of pre-judgment interest on the judgment amount.

        i.      Entry of an Order for any further relief as the Court may deem just and proper.

DATED: December 27, 2016.        Respectfully submitted,

        STEPHEN M. GAFFIGAN, P.A.

        By: **s/Stephen M. Gaffigan**
        Stephen M. Gaffigan (Fla. Bar No. 025844)
        Virgilio Gigante (Fla. Bar No. 082635)
        T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
        401 East Las Olas Blvd., Suite 130-453
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 767-4819
        Facsimile: (954) 767-4821
        E-mail: Stephen@smgpa.net
        E-mail: Leo@smgpa.net
        E-mail: Raquel@smgpa.net
        Attorneys for Plaintiff, GUCCI AMERICA, INC.

**SCHEDULE A:**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES**

| Def. No. | Defendant / Subject Domain Name |
|----------|--------------------------------|
| 1 | guccihandbagsoutlet.us |
| 2 | 5seenland-tv.de |
| 3 | afsdc.co.uk |
| 4 | ajpilates.com |
| 5 | aumakeaustralia.top |
| 5 | goodsmadeinswiss.top |
| 5 | shoppingfromlocalsydney.top |
| 5 | swissmadegoods.top |
| 6 | bagsforselling.com |
| 7 | beltsclub.com |
| 8 | binarystarmedia.co.uk |
| 9 | brandsshoes.net |
| 10 | buyamazingreplicas.com |
| 11 | buyitbag.com |
| 12 | bybesthandbag.com |
| 12 | fakebagsshow.com |
| 13 | canzee.com |
| 14 | cheapreplicas.com |
| 14 | watchesforsell.com |
| 15 | chinawholesaleoutletonline.com |
| 16 | chogwang.com |
| 17 | courthousestalbans.com.au |
| 18 | datsvogue.com |
| 19 | doros-verlag.de |
| 20 | doyentradehome.net |
| 21 | drib-tech.de |
| 21 | fantastic-whippets.de |
| 22 | eljournal.co.uk |
| 23 | fakebagsprice.com |
| 24 | fakehandbagsparty.com |
| 25 | fayrefree.co.uk |
| 26 | flaeming-art.eu |
| 27 | fu-kvml.de |
| 28 | ggoutletsale.com |
| 29 | goodeve.de |
| 30 | goodfellasinn.com |
| 30 | schoolofladies.com |
| 31 | greenlion-concepts.de |
| 32 | guccicanadaonline.ca |
| 33 | gucciforwomen.top |
| 33 | itimberlandpro.com |

| Def. No. | Defendant / Subject Domain Name |
|----------|--------------------------------|
| 33 | timberlandbootsusa.top |
| 33 | timberlandonsales.top |
| 34 | guccimexico-online.com |
| 34 | gucci-milanos.com |
| 34 | guccisgurtel.com |
| 35 | gucci--outlet.com.co |
| 36 | guccioutletonline.org |
| 37 | gucci-ukbags.net |
| 37 | knock-offhandbag.net |
| 37 | newgucci-outlets.com |
| 37 | topdesigner-handbag.net |
| 38 | handbagssale.co.uk |
| 39 | hawken.fr |
| 40 | hellfang.co.uk |
| 41 | high-bags.com |
| 42 | hotelderomeo.com |
| 43 | hwood.co.uk |
| 43 | khari.co.uk |
| 44 | imitationmontredeluxe.fr |
| 45 | iphone-videos.mobi |
| 46 | jerseysdoor.us |
| 47 | jewellery-studio.co.uk |
| 48 | knobelfreude.de |
| 49 | lindenkrug-meinders.de |
| 50 | liveatthehive.co.uk |
| 51 | luxurysbags.com |
| 52 | mantrapreneur.us |
| 53 | marqueallaaa.com |
| 53 | marquekeysaaa.com |
| 53 | marquestockaaa.com |
| 54 | mike-felten.de |
| 55 | milkcheck.fr |
| 56 | millersloft.co.uk |
| 57 | nadcc.co.uk |
| 58 | newcase.online |
| 59 | nhfce.co.uk |
| 60 | nikekb.co |
| 61 | notedhandbag.com |
| 62 | onbestreplicas.com |
| 63 | outletborsa.top |
| 64 | pendleservices.co.uk |
| 65 | pievamore.eu |
| 66 | pradschuhegu.de |
| 67 | reeact.de |

| Def. No. | Defendant / Subject Domain Name |
|----------|--------------------------------|
| 68 | replica3wholesale.com |
| 69 | replicabagssell.com |
| 70 | replicas2017.com |
| 71 | resale-sturm.de |
| 72 | saleforreplicas.com |
| 73 | saleshandbag.com |
| 73 | saleshandbag.net |
| 74 | sharmelsheikhreisen.de |
| 75 | shopeluxury.info |
| 75 | usaguccioutletofficial.com |
| 75 | wholesalestore.info |
| 76 | sk-biografien.de |
| 77 | steward.es |
| 78 | straplinebd.com |
| 79 | supfashionreplica.com |
| 80 | tauchbasenportal.eu |
| 81 | t-fix.com |
| 82 | the-earlybird.co.uk |
| 83 | thekidneycenter.org |
| 84 | thetacketybit.co.uk |
| 85 | twizytalk.co.uk |
| 86 | universalix.fr |
| 87 | vital-point-berlin.de |
| 88 | volleboschte.de |
| 89 | watchesen.net |

## SCHEDULE "B"
## PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| GUCCI | 0,876,292 | September 9, 1969 | IC 018 – pocketbooks, wallets, travel and duffel bags, attache cases, toilet cases sold empty, shoe bags, and umbrellas.<br><br>IC 025 – shoes and boots. |
| GUCCI | 0,959,338 | May 22, 1973 | IC 014 – watches. |
| (Green Red Green Stripe Design) | 1,122,780 | July 24, 1979 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, attaché cases, valises, suitcases, duffles, and key cases. |
| (Green Red Green Stripe Design) | 1,123,224 | July 31, 1979 | IC 014 – goods made or coated with precious metal-namely, watches. |
| GUCCI | 1,168,477 | September 8, 1981 | IC 025 – neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, dressing gowns, hats, socks, dresses, and bathing suits. |
| GUCCI | 1,200,991 | July 13, 1982 | IC 014 – bracelets, rings, necklaces, cufflinks, pendants, money clips, keyrings, and pill boxes, all made wholly or in part of precious metal. |
| GUCCI | 1,321,864 | February 26, 1985 | IC 009 – eyeglasses and parts therefor. |
| (Green Red Green Stripe Design) | 1,483,526 | April 5, 1988 | IC 025 – footwear. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| (Blue Red Blue Stripe Design) | 1,495,863 | July 12, 1988 | IC 025 – footwear. |
| | 3,039,629 | January 10, 2006 | IC 025 – footwear and belts. |
| | 3,039,630 | January 10, 2006 | IC 018 – wallets, purses, handbags, tote bags, business card cases, credit card cases and key cases, partly or wholly of leather. |
| | 3,039,631 | January 10, 2006 | IC 009 – eyeglass frames and sunglasses. |
| Gucci | 3,061,918 | February 28, 2006 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, duffel bags, business card cases, calling card cases, credit card cases, name card cases, key cases and attache cases. |
| | 3,072,547 | March 28, 2006 | IC 025 – neckties, scarves, belts, footwear and gloves. |
| | 3,072,549 | March 28, 2006 | IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases, and duffles. |
| | 3,376,129 | January 29, 2008 | IC 018 – wallets, purses, handbags, shoulder bags, tote bags, business card cases, credit card cases, partly and wholly of leather, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| **GG** | 3,378,755 | February 5, 2008 | IC 009 – eyeglass frames and sunglasses.<br><br>IC 014 – jewelry and watches.<br><br>IC 016 – agendas and notebooks.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles.<br><br>IC 025 – scarves, belts, footwear, shirts, sweaters, coats, suits. |
| (GG logo) | 3,391,739 | March 4, 2008 | IC 009 – eyeglass frames and sunglasses. |
| (GG pattern) | 4,229,081 | October 23, 2012 | IC 014 – jewelry.<br><br>IC 018 – wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attache cases, valises, suitcases and duffel bags.<br><br>IC 025 – neckties, scarves, belts, footwear and gloves. |
| (Green Red Green Stripe Design) | 4,379,039 | August 6, 2013 | IC 025 – shorts, pants, jeans, leggings, t-shirts, polo shirts, shirts, sweaters, sweatshirts, dresses, skirts, swimwear, one piece garments for infants and toddlers, cloth bibs, scarves, ties, hats, gloves, suspenders, belts. |
| GUCCI | 4,407,149 | September 24, 2013 | IC 009 – sunglasses and cases for sunglasses. |

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
|  | 4,563,071 | July 8, 2014 | IC 009 – protective covers and cases for mobile electronic devices and computers.<br><br>IC 014 – watches. |
| GUCCI | 4,563,098 | July 8, 2014 | IC 009 – protective covers and cases for mobile electronic communication devices and computers; computer application software for all mobile devices, namely, software for providing information in the field of fashion, the arts and lifestyle. |
| GUCCI | 4,563,132 | July 8, 2014 | IC 018 – handbags, shoulder bags, clutch bags, tote bags, briefcases, business card cases, credit card cases, backpacks, key cases, passport cases, cosmetic cases sold empty, valises, suitcases, luggage, partly and wholly made of leather; pet accessories, namely, carriers, collars and leashes; pet collar accessories, namely, charms. |
| <br>(Green Red Green Stripe Design) | 4,567,112 | July 15, 2014 | IC 014 – jewelry and key rings of precious metal.<br><br>IC 009 – eyeglasses and sunglasses and cases therefor; protective covers and cases for mobile electronic communication devices and computers; cell phone straps; computer carrying cases.<br><br>IC 018 – cosmetic cases sold empty, suitcases, luggage, duffle bags, diaper bags partly and wholly of leather; pet accessories, namely, carriers, collars and leashes. |